51 CCPA

Application of William C. WARD.

Patent Appeal No. 7132.

United States Court of Customs and Patent Appeals.

April 9, 1964.

1022

Byerly, Townsend, Watson & Church-ill, New York City (Ralph M. Watson, New York City, and Robert I. Dennison, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (J. E. Armore, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Ward appeals from the Board of Appeals' affirmance of the rejection of his application [1] for a patent on a "New Series of Carboxylic Acid Esters of 5-Nitro-2-Furyl Alkylidene Hydroxyalkyl Semicarbazones."

All of the claims are directed to compounds, useful as chemotherapeutics, which are derived from their corresponding alcohols.

Claim 1 reads:

"1. A carboxylic acid ester of a 5-nitro-2-furyl alkylidene hydroxy-alkyl semicarbazone represented by the formula:

$$O_2N-\text{[furyl]}-(CH{=}CH)_nCH{=}N{-}\overset{\displaystyle R}{\underset{\displaystyle |}{N}}{-}CO{-}NHR_1$$

wherein

n represents an integer from 0–1, and R and $R_1$ represent dissimilar groups selected from the class consisting of hydrogen and (lower) alkanoyloxy (lower) alkyl."

The references are:

Stillman    2,416,234    February 18, 1949.
Ward        2,656,350    October 20, 1953.
Hayes et al., J. Amer. Chem. Soc., Vol. 77 (1955), page 2282.
Cheronis et al., Semi-micro Qualitative Analysis, Crowell Publishing Company, New York, 1947, pages 179, 180.

Stillman and Ward disclose 5-nitro-2-furaldehyde semicarbazones substituted in the 2 or 4 position by a hydroxyalkyl group. Hayes et al. disclose beta-(5-nitro-2-furyl) acrolein 2-(hydroxyalkyl) semicarbazones. Those compounds differ from the compounds being claimed only in one respect, namely, the hydroxyalkyl substituents of the prior art compounds have been esterified. Thus the claims are drawn to the ester derivatives of prior art alcohols.

Cheronis et al. disclose that it is customary in the identification of alcohols to form simple[2] esters thereof. The claimed esters were held to be obvious by the examiner in view of the corre-

---

1. Serial No. 763,176, filed September 25, 1958.

2. The term "simple ester" denotes here that the acid moiety is a lower alkanoic group, i. e. $R\text{-}\underset{\displaystyle O}{C}\text{-O-}$ wherein R is a lower alkyl group.

sponding alcohols and the fact that simple esters are customarily formed in the identification of alcohols.

Ward filed two affidavits to show that the claimed esters possess properties which would not be expected from the corresponding alcohols of the prior art. We find it unnecessary to discuss the first affidavit since, the second affidavit, that of O'Connor, establishes that the esters are effective in combatting coccidiosis in chickens whereas the corresponding alcohols are devoid of any such activity.

The board agreed with the examiner that since simple esters are customarily prepared to identify the corresponding alcohol, the claimed simple esters were obvious from the prior art alcohols.

As to the affidavits, the board stated:

" * * * Appellant also refers to the Hayes and O'Connor affidavits as showing a difference in kind in the esters over the alcohols; however, as to the utility of the affidavits, we agree with the Examiner that they are not convincing that the esters sought to be patented would be unobvious, *as the claims are not limited to such utility* of the ester compound but are directed to the ester compounds per se. * * * (Emphasis supplied).

* * * * * *

" * * * We, therefore, do not believe that ascertaining that the ester formed is more effective in certain unclaimed uses makes the esters any less obvious. * * * "

3. This is not to say that an affidavit under Rule 132 will ipso facto dispose of the issue of obviousness. The affidavit must, however, be considered and given

The examiner, in his Examiner's Answer before the board, elaborated on that point a bit more:

" * * * The rejected claims are *not* drawn to the contended invention involving the use of the obtained compounds. Insofar as the invention *as contended* by the applicant does involve the *use* of the alkanoic esters now claimed for a certain purpose, the invention if properly claimed would belong to a different statutory class of invention."

The difficulty with that reasoning is that claims to chemical compounds are drawn to more than structural formulae. They define the compounds themselves and compounds possess properties which must be considered along with the formulae.

▇▇▇▇ Here the esters might appear to be obvious in terms of the concept of their structure but that is only half the game. There remains the consideration of the properties of the esters. Ward prepared the claimed esters and, as substantiated by the O'Connor affidavit, discovered that they have the property of being effective in combatting coccidiosis in chickens whereas the corresponding alcohols are totally ineffective. That unexpected property cannot be ignored in the determination of obviousness of the claimed esters *as substances* and not as structural formulae.[3] Indeed, here we find that evidence persuasive of unobviousness and, therefore, are obliged to reverse.

Reversed.

its fair weight. See footnote 3 in In re Huellmantel, 324 F.2d 998, 51 CCPA ——.