Martin, Judge,
 

 delivered the opinion of the court:
 

 The sole claim on appeal
 
 [1]
 
 is to “the water-insoluble dyestuff having the structural formula
 

 The issue here is whether that monoazo dyestuff is obvious, 35 USC 103, in view of a patent to Fischer, 2,006,211, issued June 25, 1935, that discloses both a generic class of monoazo dyestuffs inclusive of the claimed compound, and, more specifically, a compound which is a position isomer of the claimed compound:
 

 
 *1391
 

 Comparing the reference with the appealed compound, it will be noted that in the ring at the upper right, Fischer’s amide (-CONH¡¡) group is attached at the meta, or 3-, position, whereas appellant’s amide group is attached at the para, or 4-, position. In the ring at the lower right, Fischer’s methoxy (-OCH3) group is in the para position, while appellant’s is in the ortho, or 2-, position. The Fischer patent lists the reference isomeric compound as being of “red-orange” shade.
 

 A second reference to Farbwerke Hoechst Aktiengesellschaft (Fischer is listed as the inventor), German patent No. 1,019,416, November 14, 1957, was relied on to show that compounds encompassed by the Fisher U.S. patent, which preferably contain an ortho methoxy substituted arylamide moiety, are disclosed as water insoluble dyestuffs useful for coloring both rubber and textiles.
 

 Appellant states in his brief:
 

 * * * The specific chemistry involved is relatively unimportant to the issues in this case, since the Board of Appeals found, and appellant will not here dispute, that the reference makes the claimed compound “structurally obvious.” However, the Board further said “patentability must depend upon the demonstration of an unexpected property in the claimed compound” * * *. In this appeal, the unexpected property upon which appellant relies is its .color.
 

 That the reference compound renders the claimed compound prima facie “structurally obvious” seems consistent with the approach recently taken by a majority of this court in
 
 In re
 
 Heyna, 53 CCPA 1331, 360 F. 2d 222, 149 USPQ 692. Accordingly we shall proceed from there to determine whether or not the color of appellant’s compound is such as to show the invention as a whole non-obvious.
 

 During the prosecution, appellant filed an affidavit under Kule 132 by one Schroeder, a dyestuff expert, who prepared both the claimed and isomeric reference compound and compared them in a standard manner by preparing and testing cloth swatches dyed with various strengths (dilutions) of each compound. The affiant describes the claimed dyestuff as showing a “brilliant and strong bluish-red color * * *” and the reference dyestuff as exhibiting a yellowish-red color. The affiant concludes as to the results of five tests directed to other properties relevant to textile printing:
 

 The remaining tests showed that
 
 both
 
 of the test pigments had excellent resistance to dry cleaning with perchlorethylene (Test 2), excellent resistance to
 
 *1392
 
 washing in the absence of chlorine bleach (Test 3-III) and good resistance to washing in the presence of chlorine bleach (Test 3-IV), very good resistance to fading (Test 4), good resistance to discharge printing (Test 5), and excellent resistance to strong alkali (Test 6). In these tests, no substantial difference could be observed between the respective results afforded by Test Pigment No. 1 [claimed compound] and by Test Pigment No. 2 [Fischer compound] as shown on Exhibit Sheet II. [Emphasis added.]
 

 Schroeder concludes that the claimed compound has “highly valuable properties for textile printing,” and that “the Fischer reference compound, Test Pigment Ño. 2, is a yellowish-red pigment entirely unsuitable as a bluish-red pigment.”
 
 [2]
 

 The examiner considered the affidavit but found it not to remove the rejection, stating:
 

 * * * The showing of record demonstrates no superiority as to the instant compound over a reference compound with respect to various properties, but only a difference in color. Variations in positions of substituents can be expected to result in shifts of shade, so that said showing only demonstrates that which would be expected. Furthermore, since one color cannot be considered superior to another, patentability cannot be predicted upon such a difference alone.
 

 The examiner in the answer referred to the color difference as “of no moment,” since “differences in color can be expected by shifting positions of substituents, as also conceded by applicant.” It was felt that the fact that yellowish-red is not bluish-red is “of no consequence, since the choice of one or the other is a matter of preference rather than necessity.”
 

 However, the board in affirming did consider the physical property of color to be “the only significant difference demonstrated in this record * * *,” but alone was not sufficient to render the claimed isomer non-obvious. The board noted that “appellant’s product and that of Fischer share the properties required for appellant’s intended úse * * and that:
 

 * * * All of tbe dyestuffs [of Fiscber] exhibit a related reddish color and hence it is not unexpected that appellant’s isomer differs in shade from the isomeric Compound 1 of Fischer in being a bluish-red rather than a red-orange pigment.
 

 Appellant contends that:
 

 * * * a difference in a physical property
 
 can be
 
 the type of difference which will render a compound, which is structurally obvious, legally unobvious. [Emphasis added.]
 

 We agree with the statement as emphasized by us. Although a physical property can be the type of difference that will render
 
 *1393
 
 the compound non-obvious, we do not think-the property relied on does in this case.
 

 In his brief appellant also contends:
 

 * * * in a dyestuff, color, which is overwhelmingly the single most important property the compound has, in a most significant property, so that a difference in color
 
 can
 
 suffice to render a claimed compound legally unobvious. [Emphasis added.]
 

 Except for the argumentative and unsupported statement that color is overwhelmingly the single most important property, we agree with the proposition as emphasized by us. Although color is a significant property of a dyestuff, one having a most desirable color that is, e.g., not fast, not stable, or is subject to fading will be unsuitable for its intended use. Color, or as the application itself states, “shade,” is only one of “the requirements considered as essential * * *” by textile printers.
 
 [3]
 

 Appellant’s position is predicated on the view that all properties other than color should be ignored, and that:
 

 * * * while it might have been predictable that his [appellant’s] dyestuff might be a different color than the reference compound, the particular specific color his dyestuff would have was absolutely unpredictable, and this unpredictability suffices to prove non-obviousness under 35 U.S.C. 103.
 

 Appellant urges in this connection that only the reference compound, Fischer’s compound number 1 of his table of 55 compounds is “sufficiently related to appellant’s compound to be considered as a proper reference.”
 

 We stated in
 
 In re
 
 Mehta, 52 CCPA 1615, 347 F. 2d 859, 146 USPQ 284 at 287, that:
 

 * * * The similarity of
 
 properties
 
 of a reference compound as compared with a claimed compound gives rise to an even stronger inference of obviousness than that of structural similarity alone, and conversely where the properties are different, they imply non-obviousness, when they are unexpected. * * *
 

 It is fundamental that section 103 requires a conclusion grounded on a
 
 weighing of all the facts,
 
 and thus includes a consideration of
 
 all
 
 the properties.
 
 In re
 
 Mehta, supra;
 
 In re
 
 Lohr, 50 CCPA 1274, 1279, 317 F. 2d 388, 137 USPQ 548;
 
 In re
 
 Graf, 52 CCPA 1206, 343 F. 2d 774, 145 USPQ 197, 199:
 
 In re
 
 Legator, 53 CCPA 729, 352 F. 2d 377, 147 USPQ 322, 324;
 
 In re
 
 deMontmollin, 52 CCPA 1287, 344 F. 2d 976, 145 USPQ 416.
 

 In supporting his contention that the particular specific color the claimed dyestuff would have was absolutely unpredictable, appellant
 
 *1394
 
 refers to the fact that the table of 55 compounds in the Fischer U.S. patent lists numerous compounds that are position isomers. As listed therein, the isomers of a given compound may have either the
 
 same
 
 shade or a
 
 different
 
 shade. Appellant states:
 

 We would point out that, while the compounds in the Fischer reference table * * * are structurally quite different from appellant’s (with the sole exception of Compound 1) the table actually does show the unpredictability of “color change” in isomeric situations. For example Compounds 29 and 30 are isomers, yet both are indicated to have the exact same color. Compounds 31, 32, and 33 are all isomers, which also are indicated to have the exact same color. Since the relationship, between these isomeric compounds in the table which have the same color, is directly analogous to the isomeric relationship between Compound 1 and appellant’s claimed compound, one skilled in the art could well have expected that appellant’s claimed dyestuff compound would have the same orange color that Compound 1 had. Yet, unexpectedly and unpredictably, it does not. The color it has is quite different. The Board is clearly wrong in believing that the Fischer reference limits the range of possible colors, and makes “not unexpected” the actual color change found in appellant’s compound.
 

 We appreciate the pertinence of that evaluation and give it due weight. However, we think the board correct in its view that although the exact shade of the claimed isomer was unpredictable, it was not unexpected as being a shade somewhere in the family of reddish tints encompassed by Fischer’s disclosure. The absolute predictability appellant would require is not the law.
 
 In re Moreton,
 
 48 CCPA 928, 933, 288 F. 2d 940, 129 USPQ 288.
 

 Against the significant difference in shade is arrayed what we consider to be an overwhelming body of evidence that indicates the invention as a whole is obvious: 1) The compounds are structurally similar, being position isomers; 2, 3) they possess identical ratings as to two properties “considered as essential,” i.e., resistance to fading and to dry-cleaning with perchloroethylene; 4-7) they have identical ratings as to other properties of washing in the presence, and the absence of chlorine bleach, resistance to discharge printing, and to strong alkali; 8) the claimed compound is producible in the same manner as are the monoazo dyestuffs of Fischer, see
 
 In re
 
 Lohr, supra; 9) the intended use as dyestuff for textiles is expected in view of the German (Farbwerke) patent; 10) the manner of use is the same; and 11) the shade actually obtained, while not absolutely predictable, is not unexpected.
 

 For the foregoing reasons the decisions of the board is
 
 affirmed.
 

 Smith, J., concurs in the result,
 

 [1]
 

 Appearing in appellant’s application serial No. 165,656, filed January 11, 1962 for-“Compound.”
 

 [2]
 

 Those results are entirely consistent with the results described for the same tests In the specification: * * * The prints obtained were blue-red in shade and well within the range of shades satisfactory to textile printers, had very good resistance to fading, and had excellent resistance to dry-cleaning with perehloroethylene,
 
 thus satisfying aU three of the requirements considered as essential;
 
 were very brilliant and strong; had excellent wash-fastness; excellent resistance to strong alkali; had good resistance to chlorine; and had excellent resistance to color discharge by hydrosulfite. [Emphasis added.]
 

 [3]
 

 Concerning the particular shade, the application, states: * * * Since the reaction tern. perature has some effect on the shade of the resulting water-insoluble pigment, it is ordinarily desirable to maintain adequate control of the temperature of the reaction mixture in some predetermined manner.